Helen L. Weiss, Bertha Tyson and Donald Tufillaro, Appellants *v.* Whitpain Township Zoning Hearing Board, Appellee.

Argued April 4, 1983, before Judges ROGERS, WILLIAMS, JR. and BARBIERI, sitting as a panel of three.

*Joseph J. McGrory, McGrory, Wentz, Fernandez & Albright,* for appellants.

*J. Peirce Anderson,* with him *Susan Peikes Gantman,* for appellee.

Opinion by Judge Barbieri, August 1, 1983:

Helen L. Weiss, Bertha Tyson, and Donald Tufillaro (Appellants), the owners of a 63.086 acre tract of land located in Whitpain Township, appeal here from an opinion and order of the Court of Common Pleas of Montgomery County affirming a decision of the Zoning Hearing Board of Whitpain Township (Board) which rejected a substantive challenge brought by Appellants to Whitpain Township's zoning ordinance. We affirm.

Appellants filed their challenge with the Board pursuant to the procedure specified in Section 1004(1)(a) of the Municipalities Planning Code,[1] 53 P.S. §11004(1)(a), on August 8, 1977, alleging (1) that Whitpain's zoning ordinance either *de jure* or *de facto* excluded "the development of townhouses in fee simple ownership[,]" and (2) that Whitpain Township did not set aside sufficient space for its "fair share" of the region's need for low and moderately priced housing. After conducting ten hearings on this matter, the Board found (1) that townhouses were permitted in the township's R-3 Multi-family district, (2) that zoning restrictions applicable to such townhouse developments,[2] such as the township's requirement that townhouses be set back one hundred feet from the townhouse development's property line, were not unduly restrictive, (3) that townhouses were being

---

[1] Act of June 1, 1972, P.L. 333, *as amended.*

[2] Although Appellants address these restrictions in their brief to this Court as if they were applicable to each townhouse, it is clear that the zoning ordinance's restrictions are only applicable to townhouse developments as a whole, and not to each individual unit. Viewed in this light, it is clear that there is substantial evidence of record to support the conclusion that they are not unduly restrictive.

52

constructed and sold at moderate prices within the township, and (4) that the township met its "fair share" of the region's housing needs. This decision was affirmed on appeal, and the present appeal followed.

Before this Court, Appellants once again renew their allegations that (1) Whitpain's zoning ordinance either *de jure* or *de facto* excludes the development of townhouses to be sold in fee simple, and (2) that Whitpain Township does not provide its "fair share" of the region's housing needs for low and moderately priced housing. Since these issues were adequately addressed by the court of common pleas, we will affirm on the able and comprehensive opinion of the Honorable JOSEPH H. STANZIANI in *Weiss v. Whitpain Township Zoning Hearing Board*, 26 Pa. D. & C.3d 448 (1982).

ORDER

Now, August 1, 1983, the order of the Court of Common Pleas of Montgomery County docketed at No. 80-6535, and dated March 1, 1982, is affirmed.